868 F.2d 1278
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John R. COUGHLAN, Jr., Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 88-3332.
 United States Court of Appeals, Federal Circuit.
 Feb. 16, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals the initial decision of the Merit Systems Protection Board (MSPB or board), DC07528710053-1 (Dec. 22, 1987), which sustained his removal effective October 31, 1986, for the efficiency of the service. This decision became final on June 8, 1988, when review was declined. We affirm.
 
 OPINION
 
 2
 Petitioner was a civilian classification specialist, GS-11, at the Civilian Personnel Office, Andrews Air Force Base. His supervisor observed that he was inputting data at a computer terminal and questioned him about it. Petitioner responded in effect that he was removing inconsistencies and cleaning up his own personnel record. Those records reflect the skills, duties and experience of personnel. This information is coded and is useful in placement and promotion. In fact he was enhancing his record by inflating his background experience. The agency concluded and the MSPB found from the evidence that he was misrepresenting his record and that one could infer that petitioner did so with an intent to deceive or mislead. Petitioner does not argue that the changes he made in his record were correct, rather that they were the result of his lack of understanding of skills coding.
 
 
 3
 Air Force regulations require that an employee must make a request to change his skills codes and that the same would then be reviewed by a personnel specialist for appropriateness and approval. Such requests must be supported by certified official documents, records or other evidence. No permission for review or approval for changes was obtained and no documentation was supplied by petitioner. Petitioner was found by the MSPB to have acted entirely on his own with "reckless disregard for the truth," and that the charge of misrepresentation of petitioner's work experience was sustained by a preponderance of the evidence.
 
 
 4
 The agency also charged that petitioner's conduct constituted misusing his position potentially to effect personal gain to a better position. Petitioner's admitted career goal was promotion. The MSPB found that it was reasonably foreseeable that petitioner's record, as he inflated it, could cause him to be considered for positions for which he was not qualified, affecting also his potential assignments with the Air Force Reserve. This charge, too, was sustained by a preponderance of the evidence.
 
 
 5
 The deciding official considered all mitigating and aggravating factors but considered that the seriousness and notoriety of the misconduct warranted the penalty of removal. Petitioner was in a position of trust and was responsible for insuring that skills codes of other employees were accurate. His misconduct was found to undermine the trust that the agency could place in him in the future. Considering the testimony of witnesses for and against petitioner, the MSPB found that the destruction of petitioner's credibility in the eyes of his superiors put the authorized penalty of removal within the bounds of reasonableness. No harmful procedural errors were found in the administrative processing of the case.
 
 
 6
 Our limited scope of review is established by statute. 5 U.S.C. Sec. 7703(c) (1982). We cannot retry the facts found by the MSPB; we cannot second-guess the agency as to what is for the efficiency of the service; and we cannot impose different penalties, although had we been charged with that responsibility we might have done so in this or in any other case. The statute simply provides that the MSPB decision must be sustained unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; (3) unsupported by substantial evidence. See Hayes v. Department of Navy, 727 F.2d 1535 (Fed.Cir.1984). Upon careful attention to the briefs, record and oral argument, we sustain the board's decision in this case as supported by substantial evidence and as legally correct.